**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**


NOT FOR PUBLICATION

| |
|---|
| ROBERT BRIGANTI and ANNETTE BRIGANTI, |
| Plaintiff, |
| v. |
| HMS HOST INTERNATIONAL, ABC, CORP., ROBERTO RIVERA, et al., |
| Defendants. |

Civ. A. No. 14-04813-CCC-SCM

**ON PLAINTIFFS' MOTION TO REMAND [D.E. 7] ON FORUM DEFENDANT RULE**

**REPORT AND RECOMMENDATION**

STEVEN C. MANNION, United States Magistrate Judge.


I.    **INTRODUCTION**

Before the Court is the Motion to Remand this Case to state court by plaintiffs, Robert Briganti and Annette Briganti. (D.E. 7).  Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Claire C. Cecchi, United States District Judge, has referred the instant matter to the undersigned for report and recommendation. Oral argument was held on January 22, 2015.  Having reviewed and considered the arguments made by the parties in their respective submissions and at oral argument, the Court respectfully recommends that Plaintiffs' Motion to Remand be **GRANTED.**

1

## II.   BACKGROUND

On May 27, 2014, plaintiffs, Robert Briganti and Annette Briganti ("Plaintiffs"), filed a three-count Complaint in the Superior Court of New Jersey, Law Division asserting claims based on injuries suffered as a result of the negligence of defendants, HMS Host International ("HMS"), Roberto Rivera, ABC Corp I-X (fictitious names unknown), and Robert Roe Management, I-X (fictitious names unknown).  According to the Complaint, Mr. Briganti was a business invitee on the premises owned and maintained by HMS and managed by Mr. Rivera when he slipped and fell on the wet floor in the men's bathroom, incurring serious and permanent injuries.  *See* Complaint ¶¶2-8 (Docket Entry (D.E.) 1-3).

Plaintiffs allege that Mr. Rivera and the other defendants "were responsible to maintain, inspect, clean, supervise, oversee, manage and/or control said premises."  *See id.*, Second Count, at ¶1, D.E. 1-3.  It is further alleged that Mr. Rivera and the other defendants breached their duty of care and "were negligent, careless, and/or reckless in allowing, and/or permitting, and/or creating a dangerous, trap-like, nuisance-like and hazardous condition to exist, namely, the presence of a wet floor in the restroom, which was the cause of Mr. Briganti's fall," *id.* at ¶4; and that defendants "negligently, carelessly,

2

and/or recklessly own, occupy, operate and/or maintain the aforesaid premises so as to cause a dangerous condition to exist thereon, namely, a wet slippery floor," *id.*, First Count at ¶4. Finally, Plaintiffs allege that Mr. Rivera and the other defendants are vicariously liable for the actions and omissions of their agents, servants, and/or employees. *Id.* at ¶5.

On July 8, 2014, Plaintiffs served their Complaint on HMS. On August 1, 2014, HMS removed the action to this Court on the grounds of diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal (D.E. 1). Plaintiffs are citizens of Connecticut. *See* Compl. ¶1 (D.E. 1-3). defendant, HMS, is a Delaware corporation with its principal place of business in Maryland, and defendant, Mr. Rivera, is a citizen of New Jersey, the forum state. *See* Notice of Removal (D.E. 1).

On August 19, 2014, Plaintiffs moved to remand this action back to the Superior Court of New Jersey, Law Division on the basis of the forum defendant rule in 28 U.S.C. § 1441(b). Pls.' Motion To Remand (D.E. 7). On August 29, 2014, Defendants filed their Brief in Opposition to the Motion to Remand, arguing that the forum defendant rule does not apply because Mr. Rivera had not been served with the Complaint, and therefore was not properly "joined and served" as required by the forum defendant

rule. *See* Br. in Opp. by HMS, at 8-9 (D.E. 9). As of the date the Notice of Removal was filed, *i.e.*, August 1, 2014, Plaintiffs had not yet served Mr. Rivera. Plaintiffs served Mr. Rivera on September 10, 2014, contending that service was not effectuated earlier "because the defense did not provide Mr. Roberto Rivera's contact information and there was difficulty in locating Mr. Rivera given the commonality of his name. A private investigator had to be hired…" Reply Br. to Opp'n to Mot. to Remand (D.E. 11).

## III. DISCUSSION AND ANALYSIS

### A. Legal Standard

28 U.S.C. § 1447(c) states that a case removed from state court "shall be remanded… [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." When ruling on whether an action should be remanded, a district court must focus on the operative complaint at the time the petition for removal was filed. *Group Hospitalization & Med. Servs. v. Merck-Medco Managed Care, LLP.*, 295 F. Supp. 2d 457, 461-62 (D.N.J. 2003). "The removing party... carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (internal

4

citations removed). Removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

Under 28 U.S.C. § 1332(a), federal district courts have original diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. The removal statute, specifically, 28 U.S.C. § 1441(b), "imposes another condition above the requirements of original diversity jurisdiction," known as the forum defendant rule. *Fields v. Organon USA, Inc.*, No. 07-2922(SRC), 2007 WL 4365312, at *2 (D.N.J. Dec. 12, 2007). The forum defendant rule, codified in 28 U.S.C. § 1441(b)(2), states that a civil action otherwise removable solely on diversity jurisdiction under section 1332(a) "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). In other words, where a defendant is a citizen of the state in which the plaintiff originally filed the case, *i.e.*, the forum state, the forum defendant rule precludes removal based on diversity. *Id.* In a case involving multiple defendants, the forum defendant rule prohibits removal where at least one defendant is a citizen of

5

the forum state. *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 499 (3d Cir. 1997).

A plaintiff seeking to defeat removal may attempt to improperly join a forum defendant, or "join a forum defendant that the plaintiff had no honest intention of actually pursuing in litigation." *Fields*, 2007 WL 4365312, at \*3. Section 1441(b) curtails this procedural gamesmanship through requiring that the forum defendant be "properly joined and served." *Id.* (internal citations omitted). The "purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Id.*

### B.  Analysis

Defendants acknowledge that Mr. Rivera is a citizen of the State of New Jersey but contend that the "forum defendant rule" does not apply because he was not properly "joined and served" within the plain meaning of 28 U.S.C. § 1441(b). Defendants imply[1] that the naming of Mr. Rivera in the Complaint was a fraudulent joinder designed to defeat removal. Defendants further argue that because Mr. Rivera had not been served at the

time of removal, he was not "properly joined and served," and therefore, the forum defendant rule does not apply to bar removal.   For the following reasons, the Court disagrees with Defendants' arguments and finds that the operation of the forum defendant rule requires that this case be remanded.

### 1.    Fraudulent Joinder

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant."   *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).   "If there is even a possibility that a state court would find that the complaint states a cause of action against...the resident defendant[], the federal court must find that joinder was proper and remand the case to state court." *Id.* In evaluating whether a defendant was fraudulently joined, the district court must "assume as true all factual allegations of the complaint." *Id.* "It also must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Id.* at 219.

Assuming as true all factual allegations of the Complaint, the Court finds that joinder was proper because "there is [] a possibility that a state court would find that the complaint

---

[1] While defendants discuss fraudulent joinder in their brief, they do not

7

states a cause of action against" Mr. Rivera. *See In re Briscoe*, 448 F.3d at 216. A state court would likely find that the Complaint states a claim of negligence against Mr. Rivera. Mr. Rivera was manager at the Cheesequake travel plaza where Plaintiff, Mr. Briganti, was injured. *See* Notice of Removal, ¶11 (D.E. 1). The Complaint contains allegations against Mr. Rivera for violation of the duty of care to keep the premises in a reasonably safe condition, make reasonable inspections, and otherwise reasonably maintain the premises from slipping hazards. Compl., First Count, at ¶¶ 3 and 4 (D.E. 1-3). Plaintiffs further allege that Mr. Rivera was "responsible to maintain, inspect, clean, supervise, oversee, manage and/or control said premises" and was "negligent, careless, and/or reckless in allowing, and/or permitting, and/or creating a dangerous, trap-like, nuisance-like and hazardous condition to exist, namely, the presence of a wet floor in the restroom, which was the cause of Mr. Briganti's fall." *See* Compl., Second Count at ¶4 (D.E. 1-3).

Although HMS argues that these allegations against Mr. Rivera would likely fall because Mr. Rivera did not owe an independent legal duty to Plaintiff, HMS fails to support its argument with any case law relevant to the District of New

---

expressly claim that the naming of Mr. Rivera was a fraudulent joinder.

Jersey.[2]   HMS's only other argument is that the joinder must be

fraudulent because Plaintiffs did not serve Mr. Rivera when they

filed the Complaint.   However, Plaintiffs point out that they

did not have contact information for Mr. Rivera, who actually is

represented by the same attorney as Co-Defendant, HMS, who, in

contrast to Mr. Rivera, had been served with the Complaint prior

to removal.   Plaintiffs represent that they had difficulty in

locating Mr. Rivera given the commonality of the name, and the

defense  did  not  provide  Mr.  Rivera's  contact  information.

Furthermore, Plaintiffs did eventually serve Mr. Rivera after

hiring a private investigator and tracking his location.   *See*

Affidavit of Service, dated September 10, 2014 (D.E. 16).

Finally, it is inappropriate for the Court to look further

than  the  allegations  set  forth  against  Mr.  Rivera  in  the

Complaint and evaluate the merits of the case, as the court is

to "assume as true all factual allegations of the complaint" in

evaluating  whether  a  defendant  was  fraudulently  joined. *Id.;*

*see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d

Cir. 1990) (remanding the case to state court and holding that

the district court improperly pierced the pleadings to determine

whether there had been a fraudulent joinder stepping into a

---

[2] The Court provided HMS with an additional opportunity to provide further
briefing on the issue (*see* D.E. 17), but HMS did not file anything in
response.

determination on the merits).  Because the district court is to
find that joinder is proper where there is even a possibility
that a state court would find that the complaint states a cause
of action against the forum defendant, and because the Complaint
at minimum states a cause of action of negligence against Mr.
Rivera, this Court finds that joinder is proper.

### 2.    The "Forum Defendant Rule"

According to the forum defendant rule, a civil action
otherwise removable solely on diversity jurisdiction under
section 1332(a) "may not be removed if any of the parties in
interest properly joined and served as defendants is a citizen
of the State in which such action is brought."  28 U.S.C. §
1441(b)(2).  At the time the Notice of Removal was filed, Mr.
Rivera had not been served.  HMS argues that Mr. Rivera must be
properly joined and served in order for the forum defendant rule
to apply.  HMS further argues that the fact that Mr. Rivera has
not been served demonstrates that Plaintiffs have no intention
to prosecute the action against Mr. Rivera and that he was
joined as a defendant for the specific purpose of defeating
diversity. Since the time that HMS filed its brief, however,
Plaintiffs served Mr. Rivera with the Complaint.

The purpose of the forum defendant rule is "to prevent a

plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Sullivan v. Novartis,* 575 F. Supp. 2d 640, 645 (D.N.J. 2008).  In this case, however, Plaintiffs are not attempting to manipulate the judicial system, as they in fact served the forum defendant a few weeks after the case was removed.  Furthermore, their explanation for the delay, *i.e.,* that they hired a private investigator to locate Mr. Rivera, who was difficult to locate based on the commonality of his name, is credible and reasonable.

In an analogous case in this district, *Williams v. Daiichi Sankyo, Inc.*, 13 F. Supp. 3d 426 (D.N.J. 2014), where non-forum defendants removed the case before Plaintiffs served the forum defendants, the Court remanded the case after applying the forum defendant rule.  The Court discussed that "permitting these non-forum Defendants to remove before the Plaintiffs are actually capable of serving the forum Defendants violates the intention of the forum defendant rule by permitting gamesmanship."  *Id*. at 432.  The Court also discussed the case, *Walborn v. Szu*, No. 08-cv-6718 (DRD), 2009 WL 983854, at *5 (D.N.J. April 7, 2009), where that plaintiff, like Plaintiffs in the instant case, made diligent efforts to serve the forum defendant, but was unable to serve the forum defendant until over a month *after* the non-forum

11

defendant removed the case to federal district court. *Id.* at n. 4. The Court in *Walborn* declined to find that the "properly joined and served" language required service of the defendant prior to removal, explaining that "there was no evidence that Congress, in adding the properly joined and served language, intended to create an arbitrary means for a forum defendant to avoid the forum defendant rule simply by filing a notice of removal before the plaintiff is able to effect process." *Id*. at 431 (citing *Walborn*, 2009 WL 983854, at *5).

Similarly, in another case in this district, *Sullivan v. Novartis*, the Court looked past the plain meaning of the "properly joined and served" language to give effect to the purpose of the forum defendant rule and that language. See 575 F. Supp. 2d 640 (D.N.J. 2008). In explaining the purpose of the forum defendant rule, the *Sullivan* court discussed a Supreme Court case, *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939), with key facts nearly identical to the facts in the instant case.[3] *Sullivan,* 575 F. Supp. 2d at 644. In *Pullman*, the Court affirmed the then-standing rule that a non-resident defendant could not remove an action in which a forum defendant was named, even if the forum defendant had not been served with process. *Id.* (citing Pullman, 305 U.S. at 541). The Court explained that

improper joinder could be prevented by demonstrating that a resident defendant had been joined in good faith. *Id.* at 645. The competing policy goals which the Court had to balance were whether the non-resident defendant may be prejudiced because his co-defendant may not ever be served, and preventing the non-resident defendant from seizing the opportunity to remove the case before service upon the resident co-defendant is effected. The Supreme Court chose to further the latter policy.

In the instant case, it would be a bizarre result if, as the Court pointed out in the U.S. Supreme Court case, *Pullman v. Jenkins*, the non-resident defendant were permitted to seize "the opportunity to remove the case before service upon the resident co-defendant is effected" – especially where the Defendant who removed the case is the employer of the forum Defendant and was precisely the person to know the address of the forum defendant, who had been named in the Complaint. *Id.* at 647. Indeed, HMS and Roberto Rivera are represented by the same counsel. Furthermore, Plaintiffs were eventually successful in locating the forum Defendant and serving him with process without undue delay.

To hold that the defendant may remove a case to federal court simply because Plaintiff is unable to locate the Defendant

---

[3] Although the *Pullman* case pre-dated the codification of the forum defendant

before the removal is to force cases that belong to the tribunal of state courts into federal courts, creating a bizarre result. Therefore, adopting the Defendant's rationale of the "joined and served" requirement in the forum defendant rule is not supported as a policy matter, nor is it consistent with congressional intent in enacting the forum defendant rule.

Furthermore, this Court must be mindful of the Third Circuit's directive that in cases where fraudulent joinder of a forum defendant is argued, the Court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 219. As the case law is unclear as to whether, in a case where a forum defendant was not served when a non-forum defendant removed the action, removal would be defeated, the Court will resolve the uncertainties in the law in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (holding that all doubts regarding removal must be resolved in favor of remand).

In sum, the Court finds that removal of the instant case violated the forum defendant rule. Therefore, the Court respectfully recommends that the action be remanded to state court.

---

rule in the removal statute at 28 U.S.C. § 1441(b)(2), the case is

## IV.  <u>CONCLUSION</u>

In conclusion, this Court respectfully recommends that Plaintiff's Motion to Remand (D.E. 7) be **GRANTED.**

The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2).

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/27/2015 2:17:17 PM

---

instructive because it highlights the concerns of courts.