NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT BRIGANTI and ANNETTE BRIGANTI,<br><br>Plaintiffs,<br><br>v.<br><br>HMS HOST INTERNATIONAL, *et al.*,<br><br>Defendants. | Civil Action No.: 14-cv-4813 (CCC-SCM)<br><br>OPINION |

**CECCHI, District Judge.**

**I.   INTRODUCTION**

This matter comes before the Court upon the objections of Defendants Roberto Rivera ("Rivera") and HMSHost Tollroads, Inc. ("HMSHost," and collectively, "Defendants") to Magistrate Judge Steven C. Mannion's Report and Recommendation on the motion by Plaintiffs Robert and Annette Briganti ("Plaintiffs") to remand this action to state court. ECF No. 7. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court adopts Judge Mannion's Report and Recommendation (ECF No. 18) granting Plaintiffs' motion to remand.

**II.   BACKGROUND[1]**

On June 22, 2013, Mr. Briganti sustained injuries from slipping and falling on the wet

---

[1] The Court "must assume as true all factual allegations of the complaint" when considering a motion for remand. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

1

floor of the restroom at the Cheesequake Travel Plaza, located on the Garden State Parkway in New Jersey. Compl. Count One ¶ 2, ECF No. 1-3. On May 27, 2014 Plaintiffs sued Defendants Rivera and HMSHost (incorrectly identified as HMS Host International), as well as other unnamed defendants, in New Jersey Superior Court to recover damages for personal injuries and loss of consortium. See generally Compl. HMSHost owns and operates the Cheesequake Travel Plaza, Compl. ¶ 2, and Rivera was a manager at the Cheesequake Travel Plaza employed by HMSHost at the time of the incident, Notice of Removal ¶¶ 9, 11.

Defendant HMSHost removed the action to this Court on August 1, 2014, based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. Notice of Removal ¶¶ 4, 5, 21. Defendant asserted that removal was proper under 28 U.S.C. § 1441(b)(2), because although Rivera, a citizen of New Jersey, was named in the state court Complaint, he had not been "properly joined and served" in the action. Id. ¶ 18. Under that provision of the removal statute, a civil action that is removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Plaintiffs filed a motion to remand the matter to New Jersey Superior Court on August 19, 2014, arguing that removal was improper under 28 U.S.C. § 1441 and noting that they were in the process of serving Rivera. Pls.' Br. 1 n.1, ECF No. 7. HMSHost opposed the motion to remand. Opp. Br., ECF No. 9. On September 10, 2014, Plaintiffs served Rivera. Affidavit of Service, ECF No. 16. Plaintiffs explained that the delay in effectuating service was due to

2

difficulty locating Rivera, as HMSHost did not provide Plaintiffs with Rivera's contact information and Rivera has a common name. Id.

On February 27, 2015, Magistrate Judge Steven Mannion issued a Report and Recommendation ("R&R") that Plaintiff's motion to remand be granted. ECF No. 18. Judge Mannion concluded that joinder of Rivera was not fraudulent and that although Rivera had not been served at the time of removal, remand was appropriate to give effect to the purpose of the forum defendant rule. R&R 9-14.

Defendants objected to Judge Mannion's R&R on March 12, 2015. Objections to R&R ("Obj."), ECF No. 19. Defendants argue that joinder of Rivera was "improper or fraudulent," because Plaintiffs lack a colorable claim against Rivera or a real intention of prosecuting this action against him. Obj. 2-3. Defendants argue that Plaintiffs' claims against Rivera are unnecessary and that Plaintiffs will not be able to recover from Rivera individually because HMSHost will be liable for Rivera's conduct in the course of his employment. Id. Thus, Defendants argue, remanding this case would undermine the purpose of the "properly joined and served" language in the removal statute. Id. at 3.

### III. LEGAL STANDARD

When a Magistrate Judge addresses motions that are considered dispositive, such as a motion to remand, the Magistrate Judge submits a Report and Recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). On dispositive motions, the district court must make a *de novo* determination of those portions of the

Magistrate Judge's Report and Recommendation to which a litigant has filed objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002). A Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. United Steelworkers of Am. v. N.J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

## IV.  DISCUSSION

Magistrate Judge Mannion correctly concluded that removal was improper in this case, even though the forum defendant, Rivera, had not been served at the time of removal. As noted above, "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This is known as the "forum defendant rule." Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 642 (D.N.J. 2008).

The "properly joined and served" language should not be applied literally if such application would be at odds with the purpose of the removal statute. See id. at 646-47 (holding that applying plain meaning of "properly joined and served" language would "eviscerate the purpose of the forum defendant rule," by allowing defendants to overcome rule simply by filing notice of removal faster than forum defendant could be served); Williams v. Daiichi Sankyo, Inc., 13 F. Supp. 3d 426, 431 (D.N.J. 2014) (same); Bank of Am., N.A. v. Woods, No. 2:14-cv-3246, 2015 WL 268845, at *1 (D.N.J. Jan. 20, 2015) (noting that forum defendant's argument that she had never been served with the complaint did not make removal proper). Thus, the mere fact that service on Rivera was not effectuated prior to removal does not make removal proper.

4

Moreover, as Judge Mannion noted, the Plaintiffs proffered reasonable and credible explanations for the delay in serving Rivera. See R&R 11, 13.[2]

The question remains whether joinder of Rivera was fraudulent or improper. The "properly joined and served" language in the removal statute is designed to prevent fraudulent or improper joinder—*i.e.*, joinder designed solely to defeat federal diversity jurisdiction. Sullivan, 575 F. Supp. 2d at 643. "[J]oinder is fraudulent if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (internal citation omitted). While "a court can look to more than just pleading allegations to identify indicia of fraudulent joinder," the court "must not step from the threshold jurisdictional issue into a decision on the merits." Id. at 219 (holding that district court did not err in considering statute of limitations defense that unquestionably barred claims against non-diverse defendants, making joinder of those defendants "fraudulent"). An inquiry into fraudulent joinder is not as "searching" as an inquiry pursuant to Federal Rule of Civil Procedure 12(b)(6). Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) ("It is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted."). In a fraudulent joinder

---

[2] Although the Court is aware of cases in this district in which the Court applied the plain meaning of the "properly joined and served" language and found that removal before service on a forum defendant was proper—see, e.g., Ripley v. Eon Labs Inc., 622 F. Supp. 2d 137, 140-41 (D.N.J. 2007); Bivins v. Novartis Pharms. Corp., No. 09-1087, 2009 WL 2496518, at *2 (D.N.J. Aug. 10, 2009)—the Court agrees, considering the facts of this case, with the authority holding that the mere timing of service does not render removal proper. Moreover, the Third Circuit's directive that "doubts must be resolved in favor of remand," Samuel-Basset v. KIA Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004), requires this result.

5

inquiry, the district court "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Id.

Defendants bear the "heavy burden" of showing that Rivera was fraudulently joined. See Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) ("Because a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a heavy burden of persuasion.") (internal quotation omitted). Here, Defendants contend that joinder of Rivera was fraudulent because the doctrine of respondeat superior would render HMSHost, Rivera's employer, liable for his conduct and would preclude Rivera's individual liability. Defendants cited one case in support of this proposition, a case applying Texas law, in their opposition to Plaintiffs' motion to remand. See Opp. Br. 5 (citing Bourne v. Wal-Mart Stores, Inc., 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008) (finding that store manager was fraudulently joined in personal injury case because Texas law clearly dictates that "officers of a corporation may be held individually liable only when they owe an independent duty of reasonable care apart from their employer's duty," and complaint did not contain allegations supporting assertion that manager owed plaintiff independent duty of care)). In their opposition to Plaintiffs' motion to remand, and in their Objections to Judge Mannion's Report and Recommendation, Defendants do not cite legal authority supporting the argument that New Jersey law is similar to Texas law, such that it precludes Plaintiffs' recovery against Rivera. See generally Opp. Br.; Obj.

Plaintiffs have stated a colorable claim against Rivera under New Jersey law by alleging that Rivera breached a duty of care owed to Mr. Briganti by "negligently, carelessly, and/or

6

recklessly" maintaining the travel plaza "so as to cause a dangerous condition to exist thereon, namely, a wet slippery floor." Compl. Count One ¶ 4; see Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 385 n.21 (D.N.J. 2006) ("Under New Jersey law, three elements are essential for the existence of a cause of action in negligence: (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach.") (internal quotation and citation omitted). Though Plaintiffs may not have pleaded factual allegations sufficient to survive a motion to dismiss in this Court, as noted above, the fraudulent joinder inquiry is not a Rule 12(b)(6) inquiry. The question is whether the possibility that HMSHost will be vicariously liable for Rivera's actions unquestionably precludes Rivera's individual liability under New Jersey law, such that Plaintiffs' cause of action against Rivera is "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852.

New Jersey law does not prohibit an action against an individual employee even where his employer is vicariously liable. See Cartel Corp. v. Fireco of New Jersey, 410 A.2d 674, 680 (N.J. 1980) ("[W]hen an employer is liable for an employee's negligence, both the employer and employee are jointly and severally liable to the injured party until full satisfaction is received."); Moss v. Jones, 225 A.2d 369, 371 (N.J. Super. Ct. App. Div. 1966) ("Where an injury is caused by the negligence of a servant acting and [sic] line of his employment, a joint action may be maintained against the servant and the master, or against either of them separately.") (internal citation omitted); McFadden v. Turner, 388 A.2d 244, 245 (N.J. Super. Ct. App. Div. 1978) ("[W]hen a plaintiff has a cause of action against two possible defendants, namely the negligent actor and the person vicariously liable for the negligent conduct, he . . . has the option of suing them separately in successive actions."). Defendants have not provided the Court with any

7

authority suggesting otherwise. Because Defendants have failed to carry their heavy burden to demonstrate that there is no colorable claim against Rivera under New Jersey law, removal of this action was improper and the case will be remanded to state court. Cf. Boyer, 913 F.2d at 111-112 (holding that joinder was not fraudulent and remand was proper where state law permitted cause of action against resident employees even when employees' conduct was in course of their employment).

## V.  CONCLUSION

Having thoroughly reviewed Magistrate Judge Mannion's Report and Recommendation and Defendants' objections thereto, and for the reasons stated above, this Court hereby adopts Magistrate Judge Mannion's Report and Recommendation in full, and grants Plaintiffs' motion to remand. An appropriate order accompanies this Opinion.

Dated: March 16, 2015

CLAIRE C. CECCHI, U.S.D.J.